# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 13-187V
## (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| LINDA JEANETTE DRIVER, | \* | |
| | \* | |
| Petitioner, | \* | Filed: March 4, 2014 |
| | \* | |
| v. | \* | Decision by Proffer; Damages; |
| | \* | Tetanus Diptheria Acellular Pertussis |
| | \* | (Tdap) Vaccine; Brachial Neuritis; |
| SECRETARY OF HEALTH AND | \* | Table Injury |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Douglas L. Burdette</u>, Seattle, WA, for Petitioner

<u>Alexis B. Babcock</u>, Washington, DC, for Respondent

### <u>DECISION AWARDING DAMAGES</u>[1]

On March 12, 2013, Petitioner Linda Driver filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] On June 10, 2013, Respondent filed a Rule

---

[1]  Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) permits each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the decision will be available to the public.  <u>Id.</u>

[2]  The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

4(c) report conceding that Petitioner suffered a Table Injury of Brachial Neuritis due to her receipt of a tetanus-diptheria-acellular pertussis vaccine. On June 12, 2013, the special master previously assigned to this case entered a decision finding that Petitioner had established that she was entitled to compensation for her injury. On February 28, 2014, Respondent filed a proffer awarding compensation to Petitioner.

I have reviewed the file, and based upon that review I conclude that Respondent's proffer is reasonable. I therefore adopt it as the decision of the Court in awarding damages on the terms set forth therein.

The proffer awards Petitioner:

> **A lump sum of $150,820.77**, representing compensation for, lost earnings ($48,691.76), pain and suffering ($100,000.00), and past unreimbursable expenses ($2,129.01), in the form of a check payable to petitioner, Linda Driver;

Proffer § 2.

I approve a Vaccine Program award in the amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

_____
                                          )
LINDA JEANETTE DRIVER,                    )
                                          )
                    Petitioner,           )      No. 13-187V
        v.                                )      Special Master Corcoran
                                          )
SECRETARY OF HEALTH                       )
AND HUMAN SERVICES,                       )
                                          )
                    Respondent.           )
_____)


**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

    A      Lost Past Earnings

    The parties agree that based upon the evidence of record, Linda Driver has suffered past

lost earnings.  Therefore, respondent proffers that Linda Driver should be awarded lost earnings

as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the

appropriate award for Linda Driver's lost earnings is $48,691.76.  Petitioner agrees.

    B.      Pain and Suffering

    Respondent proffers that Linda Driver should be awarded $100,000.00 in actual and

projected pain and suffering.  This amount reflects that the award for projected pain and

suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner

agrees.

      C.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents Linda Driver's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,129.01. Petitioner agrees.

      D.    <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens against her.

**II.**    **<u>Form of the Award</u>**

The parties recommend that the compensation provided to Linda Driver should be made by a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:

> A lump sum payment of $150,820.77, representing compensation for, lost earnings ($48,691.76), pain and suffering ($100,000.00), and past unreimbursable expenses ($2,129.01), in the form of a check payable to petitioner, Linda Driver.[1]

**III.**    **<u>Summary of Recommended Payment Following Judgment</u>**

      A.    Lump Sum paid to petitioner, Linda Driver:      **$150,820.77**

      Respectfully submitted,

      STUART F. DELERY
      Assistant Attorney General

      RUPA BHATTACHARYYA
      Director
      Torts Branch, Civil Division

      VINCENT J. MATANOSKI
      Deputy Director
      Torts Branch, Civil Division

---

[1]  Because petitioner is a competent adult, evidence of guardianship is not required in this case.

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

**_/S/ALEXIS B. BABCOCK_**
ALEXIS B. BABCOCK
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-7678

Dated:   February 28, 2014